# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A.,<br><br>Plaintiff,<br><br>v.<br><br>THOMSONS LOGISTICS INC., et al.,<br><br>Defendants. | Case No. 1:21-cv-00635-NONE-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE AND TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF Nos. 8, 10) |

On April 15, 2021, Plaintiff BMO Harris Bank N.A. filed this action against Defendants Thomsons Logistics Inc., and Rohan Panakkal, alleging breach of contract. (ECF No. 1.) On May 10, 2021, an answer was docketed. (ECF No. 7.) On July 7, 2021, Plaintiff filed a notice of voluntary dismissal dismissing the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (ECF No. 8.) On July 8, 2021, the Court disregarded Plaintiff's request for voluntary dismissal, finding it to be defective under Rule 41(a)(1) because it was not a signed stipulation by all parties who have appeared in this action, and was not a motion under Rule 41(a)(2). (ECF No. 9.) The Court ordered Plaintiff to file a request for dismissal that complies with Rule 41. (Id.) On July 12, 2021, a stipulation was filed for dismissal of this action. (ECF No. 10.)

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' "

1

Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment.  Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).  Rule 41 also provides for dismissal of an action through "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).

The Court notes that the stipulation of dismissal filed on July 12, 2021, is signed by Rohan Panakkal as President of Thomsons Logistics Inc., and by Rohan Panakkal in an individual capacity.  (ECF No. 10.)  The docket in this action reflects that both Defendants are proceeding *pro se*, and it appears this designation was placed when the answer was entered on the docket.  Upon review of the answer in this action, it appears to only be a one-page letter entitled "REPLY TO SUMMONS," with the letterhead for Thomson Logistics, and signed by Rohan Panakkal without a designation of president or otherwise, and no indication the answer was filed on behalf of him in an individual capacity, or only in the capacity of representing the corporate entity.  (ECF No. 7.)

A corporation can only appear in court through a licensed attorney.  D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a longstanding rule that"[c]orporations and other unincorporated associations must appear in court through an attorney.") (citations omitted) (alteration in original); Local Rule 183(a) ("A corporation or other entity may appear only by an attorney.").  Accordingly, any appearance by the corporation thus far without a licensed attorney was ineffective, and the Court finds the notice of voluntary dismissal as to the corporation was valid.  See Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078 ("[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it.").  Further, to the extent that Defendant Rohan Panakkal appeared through the filed answer in an individual capacity, Rohan Panakkal has signed the stipulation of dismissal.  The Court shall give effect to the filings and dismiss this action pursuant to Rule 41(a).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a district judge to this case for the purpose of closing the case and then to adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **July 13, 2021**

UNITED STATES MAGISTRATE JUDGE